# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CR-17-246-D ) |
| NNAMDI FRANKLIN OJIMBA, | ) ) |
| Defendant. | ) |

## ORDER

Before the Court are Defendant's motions in limine to exclude (1) summary testimony [Doc. No. 23]; (2) certain statements from Ken Ezeah or Akunna Ejiofor [Doc. No. 24]; and (3) text messages between Defendant and Ken Ezeah using the "WhatsApp" application [Doc. No. 27]. The government has responded to the motions. The matter is fully briefed and at issue.

## BACKGROUND

This matter stems from a prior criminal case whereby the government alleged Ken Ezeah and Akunna Ejiofor created a scheme to commit identity theft and wire fraud. In sum, the defendants were alleged to have set up various online dating profiles using false information, formed online relationships with several women, and then persuaded those women to wire money by promising to manage their money and investments. Ezeah subsequently pled guilty to conspiracy to commit wire fraud. Ejiofor opted to go to trial, where a jury found her guilty on all counts.

Here, Defendant has been similarly indicted for conspiracy to commit wire fraud (Count 1), aggravated identity theft (Count 2), and wire fraud (Counts 3-4).

Addressed in this Order are three motions in limine filed by Defendant. First, Defendant objects to the introduction of summary testimony and/or charts by the government's case agent or other witness to explain the overall charged conspiracy and Defendant's alleged role in the scheme. Second, Defendant moves that the government be precluded from presenting evidence regarding (1) Ezeah's statements made to the FBI at the time his home was searched, before or after his guilty plea, or his testimony at Ejiofor's trial, and (2) Ejiofor's statements made to the FBI at the time her apartment was searched, statements made when she was transported to the federal courthouse or FBI's office after said search, and at her trial. Lastly, Defendant moves to preclude the government from offering into evidence chats or messages purportedly between Ezeah and Defendant on the application "WhatsApp" that were extracted from Ezeah's cell phones.

**STANDARD OF DECISION**

Although motions in limine are not formally recognized under the Federal Rules of Civil Procedure, courts have long recognized their utility under the courts' inherent power to manage the course of trial proceedings. *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984); *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995). "A motion in limine presents the trial court with the opportunity 'to rule in advance of trial on

the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)).

Although such pretrial rulings can save time and avoid interruptions at trial, "a court is almost always better situated during the actual trial to assess the value and utility of evidence. Consequently, a court should reserve its rulings for those instances when the evidence plainly is 'inadmissible on all potential grounds' ... and it should typically defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed[.]" *Id.* (citations omitted); *see also Hawthorne Partners v. AT & T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993) ("Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."). Lastly, "the district court may change its ruling at any time for whatever reason it deems appropriate." *Jones*, 59 F.3d at 146 (citations omitted); *see also Luce*, 469 U.S. at 41 ("The ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. … [E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.").

**DISCUSSION**

**I.    SUMMARY EVIDENCE**

The decision of whether to permit summary evidence is within the Court's discretion. *United States v. Channon*, 881 F.3d 806, 810 (10th Cir. 2018). Federal Rule of Evidence 1006 permits summary exhibits "to prove the content of voluminous writings [or] recordings ... that cannot be conveniently examined in court." *Id*. Although the information upon which a Rule 1006 summary is created need not itself be admitted into evidence, it must still be admissible. *Channon*, 881 F.3d at 810. Rule 611 allows for summary evidence otherwise inadmissible under Rule 1006; it provides: "[t]he court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a).

In *United States v. Ray*,[1] the Tenth Circuit adopted a two-part test to determine whether summarized exhibits relying on previous testimony are admissible under Rule 611(a): first, the court considers "whether the summary chart ... aids the jury in ascertaining the truth." *Id*. at 1046. Relevant factors include the length of trial, the complexity of case, and the possible confusion generated by a large number of

---

[1] *United States v. Ray*, 370 F.3d 1039 (10th Cir. 2004), *rev'd and remanded on other grounds by United States v. Booker*, 543 U.S. 220 (2005).

exhibits. *Id*. at 1047. Second, the court considers any resulting prejudice, looking at whether, for example, the preparer was available for cross examination and whether the court gave any limiting instructions. *Id*.

The Court is familiar with the extensive underlying facts of this case and finds admission of summary evidence is warranted. The Court has previously declared this case to be a complex case requiring extended litigation under the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A), 3161(h)(B)(ii) [Doc. No. 16]. The present case consists of an alleged conspiracy spanning two years involving multiple communications, transactions, and locations. Moreover, in Ms. Ejiofor's trial, the Court permitted the use of a summary witness—Agent Schmitz—who was subjected to extensive cross examination and will likewise be subject to cross examination here. Lastly, the Court can issue limiting instructions to the jury regarding their consideration of such evidence. *See, e.g.*, Pattern Jury Instructions for the Tenth Circuit, Criminal Instruction No. 1.41. Defendant's motion on this issue is DENIED.

II. **HEARSAY STATEMENTS**

The government has conceded that, given the temporal scope of Defendant's motion, the statements at issue do not constitute co-conspirator statements under Rule 801(d)(2)(E) and do not fall within any other hearsay exception. The government has also agreed that, if Defendant's own statements to law enforcement are admitted at trial, it will not seek to introduce hearsay statements by Ken Ezeah

that were discussed during the FBI interview. *See* Pl. Resp. at 1-2 [Doc. No. 34]. In light of these stipulations, Defendant's motion on this issue is deemed **MOOT**.

### III. WHATSAPP MESSENGER

As noted in Ejiofor's case, WhatsApp is an application that allows users to send and receive text, picture, audio, and video messages over an internet connection rather than through a phone carrier's network. As with Ejiofor, the government intends to introduce several text conversations conducted on WhatsApp between Defendant and Ken Ezeah that were extracted from Ezeah's phone. Defendant contends such evidence should be excluded because many of the messages are incomplete and cannot be authenticated, and WhatsApp messages generally are unreliable due to hacking vulnerabilities.

Defendant's objection that the text messages in this case are unreliable is made without any persuasive evidence and is thus overruled. The Court, however, reserves its ruling on the remainder of Defendant's objections. The government may be allowed to offer the text messages so long as they are relevant, the proper foundation and authentication are established, and the messages do not constitute inadmissible hearsay. Ruling on this issue is therefore deferred until the trial record is more fully developed.

### CONCLUSION

In sum, and subject to the requirements of the Federal Rules of Evidence and

subsequent developments, the Court's rulings are as follows:

1. Summary Evidence – Admissible;

2. Hearsay Statements – Stipulated as inadmissible; and

3. WhatsApp Text Conversations – To be determined at trial.

**IT IS THEREFORE ORDERED** that Defendant's Motion in Limine Re: Summary FBI Witness [Doc. No. 23] is **DENIED** as set forth herein. Defendant's Motion in Limine Re: Inadmissible Hearsay [Doc. No. 24] is deemed **MOOT** in light of the stipulations discussed herein. A ruling on Defendant's Motion in Limine Re: WhatsApp Messages [Doc. No. 27] is **RESERVED** until trial. With respect to any reserved ruling, the Court cautions counsel to approach the bench and seek a ruling before eliciting any challenged evidence or testimony.

**IT IS SO ORDERED** this 19th day of April 2018.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE