# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CR-17-246-D |
| NNAMDI FRANKLIN OJIMBA, | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Motion in Limine Re: Hearsay Testimony of Akunna Ejiofor [Doc. No. 89]. The government has responded [Doc. No. 93]. The matter is fully briefed and at issue.

## BACKGROUND

This matter stems from a prior criminal case in which the government alleged Ken Ezeah and Akunna Ejiofor created a scheme to commit identity theft and wire fraud. In sum, the defendants were alleged to have set up various online dating profiles using false information, formed online relationships with several women, and then persuaded those women to wire money by promising to manage their money and investments. Ezeah subsequently pleaded guilty to conspiracy to commit wire fraud. Ejiofor opted to go to trial, where a jury found her guilty on all counts. Here, Defendant was similarly indicted and tried for conspiracy to commit wire fraud (Count 1), aggravated identity theft (Count 2), and wire fraud (Counts 3-4) in

October 2018. On October 11, 2018, the jury acquitted Mr. Ojimba on Counts 2-4 and a mistrial was declared as to Count 1. The government filed an Advisement to the Court [Doc. No. 67] on November 16, 2018, of its intent to retry Mr. Ojimba on Count 1, conspiracy to commit wire fraud.

On July 30, 2019, the government informed Defendant that it intends to call Ms. Ejiofer as a witness against Defendant. The government subsequently produced a tape recording of a July 29, 2019, interview of Ms. Ejiofer.

Defendant moves to preclude the government from introducing the following alleged hearsay statements:

a. Ken Ezeah asked Ejiofor to run errands for "Franklin" (ostensibly Defendant) and Anthony Benson because they worked for him and he wanted to keep them happy;

b. Ken Ezeah told Ms. Ejiofor that "Franklin" was a "key player" in his business;

c. Ken Ezeah told Ms. Ejiofor that "Franklin" was a "valuable employee" who "did everything" for him;

d. Ken Ezeah told Ms. Ejiofor that he had "Franklin" working "on the computer" while "Franklin" lived at the Value Place Motel;

e. Ken Ezeah told Ms. Ejiofor that in comparison to what a good "worker" Franklin was, Ejiofor was not of much value to him; and,

d. The leaseholder of the apartment in which "Franklin" had moved into was not happy about it.

**STANDARD**

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41, n. 16, 105 S. Ct. 460, 463, 83 L. Ed. 2d 443 (1984) (citing Fed. R. Evid. 103(c); cf. Fed. R. Civ. P. 12(e)). As such, "[t]he purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mendelsohn v. Sprint/United Mgmt. Co.*, 587 F. Supp. 2d 1201, 1208 (D. Kan. 2008) *aff'd*, 402 Fed.Appx. 337 (10th Cir. 2010) (internal quotations omitted).

Despite these streamlining benefits, "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007). In order to exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved

in proper context." *Hawthorne Partners v. AT & T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993). However, "the district court may change its ruling at any time for whatever reason it deems appropriate." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (citations omitted); *see also Luce*, 469 U.S. at 41 ("The ruling is subject to change when the case unfolds … [E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.").

**DISCUSSION**

Defendant asserts that the particular statements anticipated from Ms. Ejiofor at trial are hearsay not admissible under any exception pursuant to Fed. R. Evid. 802, 803, and 804. Motion at 2. The government responds that the statements are admissible under Fed. R. Evid. 801(d)(2)(E) as they were "made by the [Defendant's] coconspirator during and in furtherance of the conspiracy." Response at 2 (quoting Fed. R. Evid. 801(d)(2)(E).

The Court conducted a *James*[1] hearing on June 5, 2018, to determine the admissibility of various co-conspirator statements. Order [Doc. No. 45]. Based on the evidence presented at the *James* hearing, the Court concluded that "the government has met its burden to show, by a preponderance of the evidence, that the conspiracy outlined in the Indictment existed and that the conspiracy included

---

[1] *United States v. James*, 590 F.2d 575 (5th Cir. 1979).

4

Defendant, Ejiofor, and Ezeah." Order [Doc. No. 48] at 6. The Court is unaware of any changed circumstances that would cause it to revisit its previous *James* hearing order.

The government states that it does not intend to offer the statement allegedly made by the leaseholder of Defendant's apartment. Response at 1-2, n. 1. Therefore, Defendant's Motion as to that statement is granted.

Defendant makes no argument regarding the timing or location of the other alleged statements. Therefore, the Court accepts the government's representation that the alleged statements were made to Ejiofor during the period of the alleged conspiracy and during the period Defendant was in Houston. The Court also finds that the statements were made in furtherance of conducting the business of the conspiracy.

For these reasons, the Court finds that these statements to which Defendant objects fall squarely within the coconspirator exception to the hearsay rule. *See* Fed. R. Evid. 801(d)(2)(E). Defendant's Motion in Limine must be denied.

## CONCLUSION

For the reasons set forth above, Defendant's Motion in Limine [Doc. No. 89] is **GRANTED** in part and **DENIED** in part.

**IT IS SO ORDERED** this 9th day of August 2019.

TIMOTHY D. DeGIUSTI
Chief United States District Judge