# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-17-246-D |
| ) | |
| NNAMDI FRANKLIN OJIMBA, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's Motion in Limine Re: Akunna Ejiofor/Hill Feinberg [Doc. No. 92]. The government has responded [Doc. No. 94]. The matter is fully briefed and at issue.

## BACKGROUND

This matter stems from a prior criminal case in which the government alleged Ken Ezeah and Akunna Ejiofor created a scheme to commit identity theft and wire fraud. In sum, the defendants were alleged to have set up various online dating profiles using false information, formed online relationships with several women, and then persuaded those women to wire money by promising to manage their money and investments. Ezeah subsequently pleaded guilty to conspiracy to commit wire fraud. Ejiofor opted to go to trial, where a jury found her guilty on all counts. Here, Defendant was similarly indicted and tried for conspiracy to commit wire fraud (Count 1), aggravated identity theft (Count 2), and wire fraud (Counts 3-4) in October 2018. On October 11, 2018, the jury acquitted Mr. Ojimba on Counts 2-4 and a mistrial was declared as to Count 1. The government filed an

Advisement to the Court [Doc. No. 67] on November 16, 2018, of its intent to retry Mr. Ojimba on Count 1, conspiracy to commit wire fraud.

Defendant filed a Motion to Exclude the Testimony of Hill Feinberg and Pamela Bale [Doc. No. 70] on November 23, 2018. Defendant moved to exclude their testimony on the grounds it should be barred: (1) by the doctrine of collateral estoppel as incorporated in the Fifth Amendment prohibition on double jeopardy; and, (2) because the testimony is unduly prejudicial in that it would mislead the jury into thinking Defendant had something to do with the crimes committed against them, when in fact he has been acquitted of those charges.

On November 23, 2018, Defendant filed his Motion to Admit Evidence of Acquittals [Doc. No. 71] asserting that:

> the acquittals are admissible: (1) under the doctrine of "curative admissibility"; (2) pursuant to Fed. R. Evid. 803(6) as a record of regularly conducted activity; (3) pursuant to Fed. R. Evid. 803(8) as a public record; (4) to demonstrate the existence of reasonable doubt; and, (5) pursuant to Fed. R. Evid. 807 as residual hearsay. Defendant further argues that the acquittals would not be prejudicial to the government under Fed. R. Evid. 403.

Order [Doc. No. 81] at 8.

On April 23, 2019, the Court denied both Motions [Doc. Nos. 70 and 71]. Order [Doc. No. 81]. Relevant to the instant Motion, the Court determined that:

> Defendant's acquittal of each of the substantive crimes of identity theft and wire fraud do not necessarily preclude charges of conspiracy to commit those crimes. The Government need not prove beyond a reasonable doubt that Defendant committed identity theft or wire fraud with respect to Ms. Bale in order to prove beyond a reasonable doubt that he is guilty of a ***conspiracy*** to commit wire fraud.

Order [Doc. No. 81] at 6 (emphasis in original).  The Court also found that: (1) such evidence would not "cause unfair prejudice, confuse the issues or mislead the jury"; (2) there is no exception to the hearsay rule for judgments of acquittal; (3) evidence regarding a substantive count is admissible to prove the conspiracy charge; and, (4) curative admissibility is applicable only when other evidence has been improperly admitted and, therefore, is not appropriate regarding this evidence.  Order at 7, 8, 9, 10-11.  Finally, the Court concluded that a "'conspiracy count [] describes a much wider ranging fraudulent scheme' than the underlying substantive crime."  Order at 7 (quoting *United States v. Wittig*, 575 F.3d 1085, 1099 (10th Cir. 2009)).

On August 7, 2019, the government provided Defendant with additional discovery indicating that Ms. Ejiofor will testify that she saw a photograph of government witness Hill Feinberg "on an online dating service profile that Ejiofor observed Franklin using at his apartment in relation to the Edward Duffey scheme."  Motion at 1.

Defendant moves to preclude the government from introducing this testimony, arguing that it: (1) contradicts Ms. Ejiofor's testimony at her own trial and, therefore, lacks relevance and would be more prejudicial than probative; and, (2) admitting the testimony would subject Defendant to double jeopardy in violation of the Fifth Amendment given his acquittal on the substantive charge of identity theft relating to Mr. Feinberg.  Motion at 2.

Defendant asserts that if the testimony is admitted, he should be permitted to inform the jury of his acquittal of the charge relating to Mr. Feinberg.  Defendant re-urges the arguments and authority in his previous Motion to Admit Evidence of Acquittals [Doc. No. 71] and contends that denial of the opportunity to inform the jury of his acquittal on the

3

substantive charge will: (1) mislead the jury; (2) deny Defendant his Sixth Amendment right to present a defense; and, (3) deny Defendant his Fifth Amendment right to a fair trial. Motion at 2.

## STANDARD

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41, n. 16, 105 S. Ct. 460, 463, 83 L. Ed. 2d 443 (1984) (citing Fed. R. Evid. 103(c); cf. Fed. R. C. P. 12(e)). As such, "[t]he purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mendelsohn v. Sprint/United Mgmt. Co.*, 587 F. Supp. 2d 1201, 1208 (D. Kan. 2008) *aff'd*, 402 Fed.Appx. 337 (10th Cir. 2010) (internal quotations omitted).

Despite these streamlining benefits, "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007). In order to exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993). However, "the district court may change its ruling at any time for whatever reason it deems appropriate." *Jones*

*v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (citations omitted); *see also Luce*, 469 U.S. at 41 ("The ruling is subject to change when the case unfolds … [E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.").

**DISCUSSION**

**I.     Ms. Ejiofor's Trustworthiness**

Defendant urges the Court to exclude Ms. Ejiofor's testimony regarding Mr. Feinberg's photograph on the basis that she is untrustworthy. Defendant points to Ms. Ejiofor's apparent contradiction of her prior testimony during her own trial. The government responds that such a challenge is appropriately addressed by cross-examination.

The Court agrees with the government. "Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested." *Davis v. Alaska*, 415 U.S. 308, 316, 94 S. Ct. 1105, 1110, 39 L. Ed. 2d 347 (1974). Defendant is free to impeach Ms. Ejiofor's testimony should it contradict her prior statements. *See* Fed. R. Evid. 607-609 and 801(d)(1)(A).

Accordingly, Defendant's Motion is denied as to this issue.

**II.    Evidence of Acquittals**

Defendant contends that Ms. Ejiofor's testimony regarding Mr. Feinberg's photograph would mislead the jury and violate the Fifth Amendment double jeopardy clause due to his prior acquittal on the substantive charge involving Mr. Feinberg. Motion at 2. The government responds that this testimony does not implicate double jeopardy

because the substantive charge "is not before the jury, and the defendant is no longer in jeopardy of the mandatory prison sentence that substantive charge carried." Response at 2.

Defendant objects to Ms. Ejiofor's proposed testimony and requests admission of the acquittals on the substantive counts for essentially the same reasons set forth in his prior Motions [Doc. Nos. 70 and 71]. The Court finds no reason to revisit the findings of its previous Order [Doc. No. 81] denying those Motions. For the same reasons stated therein, the Court denies Defendant's Motion.

## CONCLUSION

Defendant's Motion in Limine [Doc. No. 92] is **DENIED** as set forth herein.

**IT IS SO ORDERED** this 12th day of August 2019.

TIMOTHY D. DeGIUSTI
Chief United States District Judge